**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Brian Hile, | Civ. No. 13-1139 (ADM/JJK) |
| Plaintiff, | |
| v. | |
| PJ Comn Acquisition Corp., | **REPORT AND RECOMMENDATION TO DISMISS FOR LACK OF PROSECUTION** |
| Defendant. | |

Mark A. Greenman, Esq., Law Office of Mark A. Greenman, counsel for Plaintiff.

**INTRODUCTION**

This matter is before this Court for a Report and Recommendation to the District Court on whether this case should be dismissed for lack of prosecution. *See* 28 U.S.C. § 636(b)(1) and Local Rule 72.1.  For the reasons stated below, this Court recommends that Plaintiff's Amended Complaint (Doc. No. 14), be dismissed without prejudice for lack of prosecution.

**BACKGROUND**

On May 13, 2013, Plaintiff filed a Complaint against Papa Johns Pizza. (Doc. No. 1.)  On July 16, 2013, Plaintiff filed an Amended Complaint naming PJ Comn Acquisition Corp. as the only Defendant (Doc. No. 14), and shortly thereafter filed a Stipulation to dismiss Papa Johns Pizza (i.e., Papa John's International, Inc.), representing that the action "is solely against PJCOMN

1

Acquisition Corporation[.]"  (Doc. No. 15.)  On July 17, 2013, the Court dismissed Papa John's Pizza as a Defendant in this case.  (Doc. No. 17.)  A Summons was issued as to PJ Comn Acquisition Corp. on September 5, 2013.  (Doc. No. 19.)  Nothing happened in this case between September 5, 2013, and January 13, 2014.  On January 13, 2014, this Court issued an Order, directing Plaintiff to:

> 1. Promptly file proof of service and notify defense counsel immediately that he/she is required to make an appearance or move for an extension of time to do so;
>
> 2. File an application for entry of default unless the required pleading is filed within ten (10) days; or
>
> 3. Advise the Court in writing of any good cause to the contrary.

(Doc. No. 20.)  This Court also stated that "[u]nless Plaintiff's counsel complies with this order within 20 days of this date, this case will be dismissed for lack of prosecution."  (*Id.*)  As of the date of this Report and Recommendation, Plaintiff's counsel has filed nothing in response to the January 13, 2014 Order.

## DISCUSSION

This case should be dismissed without prejudice pursuant to Federal Rules of Civil Procedure 4(c)(1) and 4(m).  Rule 4(c)(1) states:

> A summons must be served with a copy of the complaint.  The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.

Fed. R. Civ. P. 4(c)(1).  Rule 4(m) states:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—

2

must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period . . . .

Fed. R. Civ. P. 4(m).

The facts and circumstances of each case should be evaluated to determine if dismissal for failure to prosecute is warranted. *Navarro v. Chief of Police, Des Moines, Iowa*, 523 F.2d 214, 217 (8th Cir. 1975). Here, Plaintiff has not responded to the Court's Order, and therefore has not shown good cause for the failure of service. Pursuant to Federal Rule of Civil Procedure 4(m), the Court "must dismiss the action without prejudice against [the] [D]efendant or order that service be made within a specified time." Because of the lack of response by Plaintiff, this Court recommends dismissing this case without prejudice.

## RECOMMENDATION

For the reasons stated, and based on the file, records, and submissions therein, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's Amended Complaint (Doc. No. 14), be **DISMISSED WITHOUT PREJUDICE**.

Date: February 12, 2014

                                             *s/ Jeffrey J. Keyes*
                                             JEFFREY J. KEYES
                                             United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **February 26, 2014**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within **fourteen days** after service thereof.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.